IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| LYNNE DEAN, A.D., a minor, by LYNNE DEAN and WILLIS DEAN, her parents and next of friend, and WILLIS DEAN, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>JBT TRANSPORT INC. and VEDAT AKKAS,<br><br>    Defendants. | CASE NO.: 21-CV-64<br><br>JURY DEMANDED |

**COMPLAINT**

NOW COMES Plaintiffs LYNNE DEAN, A.D., a minor, by LYNNE DEAN and WILLIS DEAN, her parents and next of friend, and WILLIS DEAN, individually, and for their cause of action against the Defendants JBT TRANSPORT INC., and VEDAT AKKAS, state as follows:

**PARTIES, VENUE & JURISDICTION**

1. Plaintiff Lynne Dean resides in Davenport, Iowa.

2. Plaintiff A.D. is the minor child of Lynne Dean and Willis Dean and resides in Davenport, Iowa.

3. Plaintiff Willis Dean resides in Davenport, Iowa.

4. Defendant Vedat Akkas is a resident of Windsor, Ontario, Canada.

5. At all times material to Plaintiffs' cause of action, Defendant JBT Transport Inc. is (and was at the time of the accident described herein) a corporation organized and existing

under the laws of the Province of Ontario with a principal office and place of business at 235 Waydom Drive RR1, Ayr, Ontario Canada.

6. At all relevant times Defendant JBT Transport Inc. and its employees operated interstate commercial motor vehicles and therefore they were subject to Federal Motor Carrier Safety Regulations.

7. Defendant JBT Transport Inc. is a common carrier, registered with the U.S. Department of Transportation and the Federal Motor Carrier Safety Administration. Defendant JBT Transport Inc.'s U.S. Department of Transportation ("DOT") number is 991794.

8. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) as the Defendants are citizens of a foreign state not domiciled in the State of Iowa and the amount in controversy exceeds $75,000, excluding interest and costs.

## COMMON ALLEGATIONS

9. On October 2, 2019, Plaintiff Lynne Dean was traveling on Interstate 80 in Iowa City, Johnson County, Iowa, near mile marker 250.

10. At all relevant times, Plaintiff A.D. was a passenger in Plaintiff Lynne Dean's vehicle.

11. On October 2, 2019, Defendant Vedat Akkas, was driving a tractor semi-trailer owned by Defendant JBT Transport Inc. traveling on Interstate 80.

12. Both the tractor and semi-trailer (hereinafter "semi") were being used to further the business purposes of Defendant JBT Transport Inc.

13. At said time and place, the semi driven by Defendant Vedat Akkas struck the rear driver side of Plaintiff Lynne Dean's vehicle when Defendant Vedat Akkas drove the semi into Plaintiff Lynne Dean's lane of traffic.

14. On October 2, 2019, Defendant Vedat Akkas was negligent in the operation of the semi and caused the collision between the semi-tractor trailer he was driving and Plaintiff's vehicle.

## COUNT I – DIRECT LIABILITY – NEGLIGENCE OF DEFENDANT VEDAT AKKAS – PLAINTIFF LYNNE DEAN

For her cause of action against Defendant Vedat Akkas, Plaintiff Lynne Dean states:

15. Plaintiff Lynne Dean repleads Paragraphs 1 through 14 above as if fully and completely set forth in Count I.

16. Defendant Vedat Akkas was negligent in one or more of the following particulars:

   a. by failing to adequately keep his vehicle under control;

   b. by failing to keep a proper lookout;

   c. by failing to properly change lanes upon said interstate;

   d. by failing to yield to oncoming traffic; and

   e. by failing to drive as a reasonable driver of a commercial motor vehicle.

17. As a result of the negligence of Defendant Vedat Akkas, Plaintiff Dean, has been permanently harmed and has suffered the following losses:

   a. past medical expenses;

   b. past loss of full mind and body;

   c. past physical and mental pain and suffering including mental anguish and loss of enjoyment of life;

   d. past lost wages;

   e. future medical expenses;

   f. future loss of full mind and body;

   g. future physical and mental pain and suffering including mental anguish and loss of enjoyment of life; and

   h. future loss of earning capacity.

 WHEREFORE, Plaintiff Lynne Dean requests a judgment for compensatory damages against Defendant Vedat Akkas, in a fair and reasonable amount, together with interest thereon as provided by law, plus costs of this action.

### COUNT II – VICARIOUS LIABILITY – RESPONDEAT SUPERIOR – DEFENDANT JBT TRANSPORT INC. – PLAINTIFF LYNNE DEAN

For her cause of action against Defendant JBT Transport Inc., Plaintiff Lynne Dean states:

 18. Plaintiff repleads the above Paragraphs as though fully and completely set forth in this Count II.

 19. On October 2, 2019, Defendant Vedat Akkas, was in the course and scope of his employment with Defendant JBT Transport Inc. when he negligently caused a crash between the semi and Plaintiff Lynn Dean's vehicle, and thus, Defendant JBT Transport Inc. is liable for the negligence of Defendant Vedat Akkas pursuant to the doctrine of respondeat superior.

 20. Defendant Vedat Akkas was negligent in one or more of the following particulars:

   a. by failing to adequately keep his vehicle under control;

   b. by failing to keep a proper lookout;

   c. by failing to properly change lanes upon said interstate;

   d. by failing to yield to oncoming traffic;

   e. by failing to drive as a reasonable driver of a commercial motor vehicle.

 21. As a result of the negligence of Vedat Akkas, Plaintiff Lynne Dean has sustained injuries and damages as follows:

   a. past medical expenses;

   b. past loss of full mind and body;

    c.    past physical and mental pain and suffering including mental anguish and loss of enjoyment of life;

    d.    past lost wages;

    e.    future medical expenses;

    f.    future loss of full mind and body;

    g.    future physical and mental pain and suffering including mental anguish and loss of enjoyment of life; and

    h.    future loss of earning capacity.

WHEREFORE, Plaintiff Lynne Dean request a judgment for compensatory damages against Defendant JBT Transport Inc., in a fair and reasonable amount, together with interest thereon as provided by law, plus the costs of this action.

**COUNT III – VICARIOUS LIABILITY UNDER IOWA CODE § 321.493 (OWNER RESPONSIBILITY) – DEFENDANT JBT TRANSPORT INC. – PLAINTIFF LYNNE DEAN**

For her cause of action against Defendant JBT Transport Inc., Plaintiff Lynne Dean states:

22.    Plaintiff Lynne Dean repleads the above Paragraphs as though fully and completely set forth in this Count III.

23.    On October 2, 2019, Defendant Vedat Akkas was operating a vehicle owned by Defendant JBT Transport Inc. with the permission of Defendant JBT Transport Inc.

24.    Defendant JBT Transport Inc. as owner of the semi driven by Defendant Vedat Akkas, is liable under Iowa Code Section 321.493 for any damages resulting from Defendant Vedat Akkas' negligence.

25.    Defendant Vedat Akkas was negligent in one or more of the following particulars:

    a.    by failing to adequately keep his vehicle under control;

    b.    by failing to keep a proper lookout;

      c.      by failing to properly change lanes upon said interstate;

      d.      by failing to yield to oncoming traffic;

      e.      by failing to drive as a reasonable driver of a commercial motor vehicle.

26. As a result of the negligence of Defendant Vedat Akkas, Plaintiff Lynne Dean has sustained injuries and damages as follows:

      a.      past medical expenses;

      b.      past loss of full mind and body;

      c.      past physical and mental pain and suffering including mental anguish and loss of enjoyment of life;

      d.      past lost wages;

      e.      future medical expenses;

      f.      future loss of full mind and body;

      g.      future physical and mental pain and suffering including mental anguish and loss of enjoyment of life; and

      h.      future loss of earning capacity.

WHEREFORE, Plaintiff Lynne Dean request a judgment for compensatory damages against Defendant JBT Transport Inc., in a fair and reasonable amount, together with interest thereon as provided by law, plus the costs of this action.

**COUNT IV – DIRECT LIABILITY – NEGLIGENT ENTRUSTMENT – DEFENDANT JBT TRANSPORT INC.  – PLAINTIFF LYNNE DEAN**

For her cause of action against Defendant JBT Transport Inc., Plaintiff Lynne Dean states:

27. Plaintiff Lynne Dean repleads the above Paragraphs as though fully and completely set forth in this Count IV.

28.	Defendant Vedat Akkas was operating a vehicle owned by JBT Tranport Inc with the permission of Defendant JBT Transport Inc.

29.	Defendant JBT Transport Inc. was negligent in entrusting said vehicle to Defendant Vedat Akkas.

30.	Defendant JBT Transport Inc. was negligent in allowing Defendant Vedat Akkas to maintain control of and use said vehicle after its initial entrustment.

31.	As a result of the negligence of Defendant JBT Transport Inc., Plaintiff Lynne Dean has sustained injuries and damages and will continue to suffer said injuries and damages in the future as follows:

    a.	past medical expenses;

    b.	past loss of full mind and body;

    c.	past physical and mental pain and suffering including mental anguish and loss of enjoyment of life;

    d.	past lost wages;

    e.	future medical expenses;

    f.	future loss of full mind and body; and

    g.	future physical and mental pain and suffering including mental anguish and loss of enjoyment of life; and

    h.	future loss of earning capacity.

WHEREFORE Plaintiff Lynne Dean request a judgment for compensatory damages against Defendant JBT Transport Inc., in a fair and reasonable amount, together with interest thereon as provided by law, plus the costs of this action.

## COUNT V – PLAINTIFF A.D. – INDIVIDUAL CLAIMS

COMES NOW, Plaintiff, A.D., minor, by Lynne Dean and Willis Dean, parents and next of friend, and for their cause of action against Defendants state:

32. Plaintiff A.D., minor, by Lynne Dean and Willis Dean, replead the above paragraphs as though fully and completely set forth herein.

33. On October 2, 2019, Plaintiff A.D., was a passenger in the vehicle being driven by her mother, Lynne Dean.

34. As a result of Defendants' negligence, Plaintiff A.D. sustained injuries and damages as follows:

   a. past medical expenses;

   b. past loss of full mind and body; and

   c. past physical and mental pain and suffering including mental anguish and loss of enjoyment of life.

WHEREFORE Plaintiff A.D., minor, by Lynne Dean and Willis Dean, requests a judgment for compensatory damages damages against Defendants Vedat Akkas and JBT Transport, Inc., a fair and reasonable amount, together with interest thereon as provided by law, plus the costs of this action.

## COUNT VI – LOSS OF PARENTAL CONSORTIUM – MINOR

35. Plaintiff, A.D. minor by Lynne Dean and Willis Dean, parents and next of friend, hereby replead the above paragraphs as though fully and completely set forth herein.

36. Plaintiff A.D. is the minor child of Lynne Dean and Willis Dean.

37. As a result of the semi-tractor trailer – car crash, Plaintiff A.D. has been deprived of the companionship, benefits of company, cooperation, aid, services, affection, and society of her parent Lynne Dean.

38. Plaintiff A.D. has been harmed and suffered harms and losses as follows:

    a. past loss of parental consortium; and

    b. future loss of parental consortium.

WHEREFORE Plaintiff A.D., minor, by Lynne Dean and Willis Dean, parents and next of friend request a judgment for compensatory damages against Defendants Vedat Akkas and JBT Transport Inc. in a fair and reasonable amount, together with interest thereon as provided by law, plus the costs of this action.

## COUNT VII – LOSS OF SPOUSAL CONSORTIUM

39. Plaintiff Willis Dean hereby repleads the above paragraphs as though fully and completely set forth herein.

40. Plaintiff Willis Dean is the spouse of Lynne Dean.

41. As a result of the semi-tractor trailer – car crash, Plaintiff Willis Dean has been deprived of the companionship, benefits of company, cooperation, aid, services, affection, and society of his spouse Lynne Dean.

42. Plaintiff Willis Dean has been harmed and suffered harms and losses as follows:

    a. past loss of spousal consortium; and

    b. future loss of spousal consortium.

WHEREFORE Plaintiff Willis Dean requests a judgment for compensatory damages against Defendants Vedat Akkas and JBT Transport Inc. in a fair and reasonable amount, together with interest thereon as provided by law, plus the costs of this action.

**PLAINTIFFS DEMAND TRIAL BY JURY**

        LYNNE DEAN, A.D., a minor, by LYNNE DEAN and WILLIS DEAN, her parents and next of friend, and WILLIS DEAN, individually Plaintiffs,

        BY: /s/Michelle N. Schneiderheinze
        MICHELLE N. SCHNEIDERHEINZE
        AT0013915

FOR:
VANDERGINST LAW, P.C.
4950 38th Avenue
Moline, IL 61265
Telephone: 309-788-5297
Fax: 309-517-3020
Email: m.schneiderheinze@vlaw.com